UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

UNITED STATES OF AMERICA

v.	CRIMINAL ACTION NO. 5:21-cr-00229

MARIO LAVONTA WARD

## MEMORANDUM OPINION AND ORDER

Pending is Defendant Mario Ward's objection to the draft Presentence Investigation Report ("Report" or "PSR").

Mr. Ward is scheduled for sentencing on October 28, 2022. [Doc. 39]. For the following reasons, the Court **SUSTAINS** Mr. Ward's objection. A two-level downward adjustment under the statutory Safety Valve, 18 U.S.C. § 3553(f), is appropriate.

### I.

On June 8, 2021, officers from the Beckley/Raleigh County Drug and Violent Crime Unit utilized a confidential informant ("CI") to conduct a controlled purchase of a quantity of fentanyl for $200 from Mr. Ward at a residence on Frostbite Lane in Beckley. Before the controlled buy, the CI advised he/she had visited the trailer the day before and spoke with a black male named Mario, during which he/she observed Mr. Ward in possession of a black firearm.

On June 8, 2022, the CI was provided with an audio/video recording device. The recording obtained depicted an African-American male wearing a white tank top, blue jeans, and black shoes in the kitchen area. He appeared to engage in a transaction with the CI. Following the

controlled buy, the CI reconvened with law enforcement and provided the officers with a baggie of fentanyl. The CI advised law enforcement that he/she bought the fentanyl from Mario Ward with the prerecorded buy money. The CI further advised that Ward retrieved the fentanyl from a black magnetic box that also contained large amounts of prepackaged fentanyl and methamphetamine. The CI did not observe any firearm nor did the recording indicate as much.

Law enforcement obtained a search warrant for the residence. The search produced digital scales, baggies, a suspected "drug scooper," marijuana, and $6,500 in currency, including the buy money. Outside the searched premises, law enforcement recovered a dark backpack laying against a tree. The bag, which belonged to Mr. Ward, contained a .45 caliber handgun, magazines of ammunition, and quantities of heroin, fentanyl, and methamphetamine, including some prepackaged substances contained inside a black magnetic box.

On February 11, 2022, Mr. Ward pled guilty to distribution of fentanyl, in violation of 21 U.S.C. § 841(a)(1). [Doc. 26]. During sentencing on August 18, 2022, the Court directed the parties to brief the issue discussed within. The matter is ready for adjudication.

## II.

A two-level decrease pursuant to the so-called statutory "Safety Valve" hinges upon satisfaction of five (5) factors:

(1) the defendant does not have--

>   (A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines;
>
>   (B) a prior 3-point offense, as determined under the sentencing guidelines; and
>
>   (C) a prior 2-point violent offense, as determined under the

2

>sentencing guidelines;
>
>(2) the defendant did not . . . *possess a firearm* . . . *in connection with the offense*;
>
>(3) the offense did not result in death or serious bodily injury to any person;
>
>(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and
>
>(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f). Proof by a preponderance of the evidence on all factors results, *inter alia*, in a two-point reduction of the otherwise applicable total offense level under the Guidelines. *United States v. Bolton*, 858 F.3d 905, 913 (4th Cir. 2017) ("In drug trafficking cases, the Guidelines grant a reduction of two offense levels if the defendant meets the criteria of Guidelines § 5C1.2(a)(1)–(5)."). The United States concedes satisfaction of the first, third, fourth, and fifth factors. The only question is thus whether Mr. Ward possessed a firearm in connection with the offense.

Mr. Ward urges the Court to follow the decision in *United States v. Hodgkiss*, 960 F.3d 1110, 1112 (8th Cir. 2020). The decision concluded that the word "offense" found in 18 U.S.C. § 3553(f)(2) means "offense of conviction," necessarily excluding the broader scope of relevant conduct under the Guidelines. *See Hodgkiss*, 960 F.3d at 1111–12. The United States concedes as much.

The Court thus turns to whether Mr. Ward has proven by a preponderance of the evidence that he did not possess a firearm in connection with his offense of conviction, namely, the distribution of fentanyl on June 8, 2021, at Frostbite Lane in Beckley.

### III.

The United States asserts Mr. Ward "is unable to establish by a preponderance of the evidence that the firearm recovered" from "the backpack with the drugs he intended to distribute was not connected to the drug offense." [Doc. 45 at 4]. It notes Mr. Ward was observed with a gun the day before the offense of conviction, and that "[a]pproximately one hour after the controlled drug buy, a firearm was found in a backpack that defendant admitted belonged to him." [*Id.* at 2]. The United States emphasizes that his backpack not only contained a firearm but also the black magnetic box from which the CI witnessed Mr. Ward retrieve the drugs underlying his offense of conviction. [*Id.* at 4]. The United States reiterates the brief time frame between the controlled buy and recovery of the gun; Further, Mr. Ward was "in the same clothes he was wearing during that controlled buy." [*Id.*]. Finally, the United States asserts that inasmuch as Mr. Ward "could not legitimately possess any firearms based on his status as a convicted felon," it follows ineluctably that "the only reason defendant possessed the firearm was for an illegitimate purpose." [*Id.*].

Mr. Ward acknowledges the accuracy of the United States' factual assertions. He nevertheless contends they do not make it more likely than not he possessed the gun in connection with the controlled buy. Mr. Ward emphasizes that "[n]either the gun nor the backpack is visible in the [controlled] buy video" and the CI never mentioned observing a firearm to law enforcement. [Doc. 46 at 2]. Further, Mr. Ward asserts that none of "the witnesses inside the residence . . . mention anything about seeing a gun or Ward having a gun." [*Id.*]. Mr. Ward thus contends there is "no evidence . . . [he] had the gun on his person or in the vicinity of the kitchen during the controlled buy" and that "he could not have possessed the firearm in connection with the offense." [*Id.*].

The Court agrees. The timeline aids the United States, but it is not dispositive. Nor does the fact that Mr. Ward had the gun the day before the controlled buy show the necessary relatedness to the offense of conviction. There is lacking, as Mr. Ward insists, a possession of the firearm in connection with the offense of conviction.

Based upon the foregoing, there is evidence supporting Mr. Ward's possession of the firearm in connection with the offense of conviction. The proof falls just short, however, of the required more-likely-than-not measure. The Court **SUSTAINS** Mr. Ward's objection.

### IV.

Based on the foregoing, the Court **FINDS** that a two-level downward adjustment under the statutory Safety Valve, 18 U.S.C. § 3553(f), is appropriate.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: October 28, 2022

Frank W. Volk
United States District Judge